Scott A. Harford
HARFORD, P.C.
299 Broadway, Suite 1310
New York, New York 10007
Phone: (212) 390-8983
Facsimile: (646) 895-6475

Attorneys for Plaintiff Jennifer A. Edward

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JENNIFER A. EDWARD,                              :
                                                 :   Civ. Action No.:
                        Plaintiff,               :
                                                 :
            -against-                            :   **COMPLAINT**
                                                 :
THE PERMANENT MISSION OF NIGERIA TO              :   *Jury Trial Requested*
THE UNITED NATIONS and UTHMAN                    :
MOHAMMED ,                                       :
                                                 :
                        Defendants.              :
------------------------------------------------------------X

Plaintiff Jennifer A. Edward, through her attorneys, HARFORD, P.C., as and for her complaint against Defendants The Permanent Mission of Nigeria to the United Nations and Uthman Mohammed, alleges as follows:

## THE PARTIES

1.  At all times herein mentioned, Plaintiff Jennifer A. Edward was, and is a citizen, domiciliary, and resident of the State of New York and the County of New York.

2.  At all times material hereto, the Defendant, Uthman Mohammed, was, and is a citizen, domiciliary, and resident of the State of New York and the County of Bronx.

3.  At all times material hereto, the Defendant, The Permanent Mission of Nigeria to the United Nations (sometimes hereinafter "Mission"), was at all times hereinafter and still is a foreign mission and/or consulate located at 828 Second Avenue, New York, New York 10017.

4.     The Defendant, Mission, was and still is a foreign state as defined in 28 U.S.C. § 1603(a).

5.     The Defendant, Mission, was and still is a political subdivision of a foreign state or an agency or instrumentality of a foreign state as defined in 28 U.S.C. § 1603(b).

6.     The Defendant, Mission, was and still is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof.

## JURISDICTION AND VENUE

7.     The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1330(a) because this is a lawsuit against a foreign state.

8.     This action is brought against the Defendant, the Mission, a foreign state as defined in 28 U.S.C. § 1603(a).

9.     This Court has supplemental jurisdiction over the claims against Defendant Uthman Mohammed pursuant to 28 U.S.C. § 1367(a) because they are so related to the claims asserted against Defendant Mission that they form part of the same case or controversy under Article III of the United States Constitution.

10.    This action falls into one or more of the exceptions to the Foreign Sovereign Immunities Act (hereinafter, "FSIA") contained within 28 U.S.C. §§ 1605 to 1607.

11.    The Defendant, Mission, is not immune from the jurisdiction of the courts of the United States in this action.

12.    The Defendant, Mission, is not immune from the jurisdiction of the courts of the United States in this action pursuant to 28 U.S.C. § 1605 as this action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United

States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States.

13. The Defendant, Mission, is not immune from the jurisdiction of the courts of the United States in this action pursuant to 28 U.S.C. § 1605 as this action is one in which money damages are sought against a foreign state for personal injury or death, or damage to or loss of property, occurring in the United States and caused by the tortious act or omission of that foreign state or of any official or employee of that foreign state while acting within the scope of their office or employment.

14. The Defendant, Mission, is not immune from the jurisdiction of the courts of the United States in this action pursuant to 28 U.S.C. § 1605 as this action is one in which money damages are sought against a foreign state for personal injury or death, or damage to or loss of property, occurring in the United States and caused by the tortious act or omission of that foreign state or of any official or employee of that foreign state while acting within the scope of his office or employment and is not based upon the exercise or performance or the failure to exercise or perform a discretionary function.

15. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b)(2) and (f)(1) because a substantial part of the events or omissions giving rise to Plaintiff's claims herein occurred in this district.

## GENERAL ALLEGATIONS

16. This case arises out of Defendants' careless, reckless, and negligent use of an uninsured and unregistered diplomatic motor vehicle resulting in serious and permanent injuries to the Plaintiff.

17. The incident complained of herein occurred on April 6, 2018 on Second Avenue at the intersection of East 49th Street in Manhattan within the State of New York.

18. On or about April 6, 2018, and at all times herein mentioned, Defendant Mission, was the owner of a 2016 Toyota Sedan motor vehicle bearing a diplomatic license plate number 0280JFD.

19. On April 6, 2018, and at all times herein mentioned, Defendant Mission provided express and/or implied permission to Defendant Uthman Mohammed to operate a 2016 Toyota Sedan motor vehicle bearing a diplomatic license plate number 0280JFD.

20. On April 6, 2018, and at all times herein mentioned, Defendant Mission hired Defendant Uthman Mohammed as a driver and/or chauffeur for its representatives, employees, contractors, and agents of the Mission.

21. Defendant Uthman Mohammad previously operated vehicles as a taxi driver, a for-hire driver, and/or as a chauffeur with a license issued by the New York City Taxi and Limousine Commission for a Medallion Operator.

22. On or before April 6, 2018, and at all times herein mentioned, Defendant Uthman Mohammed had been issued multiple summonses for improperly operating a vehicle and/or taxicab under various statutes within Chapters 54 and 80 of the New York City Taxi and Limousine Commission Rules and Local Laws.

23. Upon information and belief, on or about September 11, 2017, prior to the incident in this action, Defendant Uthman Mohammed was involved in an automobile incident resulting in a lawsuit filed against him entitled *Yuda Katayev v. Uthman Mohammed and RU Cab Corp.* (Index No. 505500/2018), now pending in the New York State Supreme Court, County of Kings.

4

24. Upon information and belief, prior to the incident in this action, the Department of Motor Vehicles suspended Defendant Uthman Mohammed's license on multiple occasions.

25. Upon information and belief, prior to the incident in this action in 2015 and 2016, Defendant Uthman Mohammed was convicted of traffic offenses on multiple occasions.

26. Upon information and belief, prior to the incident in this action, Defendant Uthman Mohammed was convicted for failing to yield to a pedestrian.

27. On April 6, 2018, and at all times herein mentioned, Defendant Uthman Mohammed managed, maintained, controlled, supervised, performed, and/or operated a 2016 Toyota Sedan motor vehicle bearing a diplomatic license plate number 0280JFD (the "Vehicle").

28. On April 6, 2018, and at all times herein mentioned, Defendant Uthman Mohammed was operating the Vehicle as a driver and/or chauffeur for the Mission to transport a representative, employee, contractor, and/or agent of the Mission.

29. At all times mentioned, the southern side of Second Avenue at the intersection of East 49th Street where the incident took place contains a pedestrian walkway with signals on opposite sides of the street.

30. On April 6, 2018, Defendant Uthman Mohammed was operating the aforementioned motor vehicle at the above-mentioned location travelling west-bound on East 49th Street and thereafter took a left on Second Avenue to head in a southern direction.

31. On April 6, 2018, in the morning, Plaintiff Jennifer A. Edward was walking to her job at the offices of the law firm Boies Schiller Flexner LLP from her apartment located on East 49th Street between First and Second Avenues.

32. At approximately 8:30 am on April 6, 2018, Defendant Uthman Mohammed made a left-hand turn onto Second Avenue from the corner of East 49th Street.

33. On April 6, 2018 at the aforementioned location, the motor vehicle owned and operated by Defendants came into contact with Plaintiff within a designated pedestrian walkway on Second Avenue.

34. Defendant Uthman Mohammed failed to properly yield and/or look for pedestrians walking within a designated cross-walk while making a left-hand turn.

35. Defendant Uthman Mohammed drove the Vehicle within a designated cross-walk in such manner as to interfere with the safety and passage of pedestrians thereon, including the Plaintiff.

36. Defendant Uthman Mohammed was cited at the accident scene for violating the "New York City Right of Way Law" and causing contact to a pedestrian under New York City Administrative Code §19-190(b).

37. At the scene of the accident, Defendant Uthman Mohammed produced to a New York City police officer an expired registration and insurance issued to the The Permanent Mission of Nigeria to the United Nations.

38. Defendant, the Mission, allowed Defendant Uthman Mohammed to operate the vehicle without any valid registration or insurance.

39. Under the regulations established pursuant to section 6 of the Diplomatic Relations Act (22 U.S.C. § 254(e)) all missions must maintain liability insurance against the risks of bodily injury.

40. Under 22 CFR § 151.4 of the Diplomatic Relations Act, this required insurance must include $100,000 per person and $300,000 per incident for bodily injury liability.

41. Under 22 CFR § 151.8 of the Diplomatic Relations Act, every mission must "periodically, and otherwise upon official request, furnish evidence satisfactory to the Department of State that the required insurance is in effect for the mission."

42. Under the Foreign Missions Act (22 U.S.C. § 4304a), the mission must prepare and transmit to the Secretary of State a complete listing of all of its registered vehicles and the extent of insurance coverage thereto not later than February 1 of each year. A failure to ensure liability insurance for any vehicle would result, among others things, in a surcharge for payment to any injured victim.

43. Defendant, the Mission, failed to properly renew its registration and insurance for the vehicle driven by Defendant Uthman Mohammed—a vehicle owned by the Mission and bearing diplomatic issued license plates.

44. Upon information and belief, by reason of the foregoing, the Mission violated the above provisions under the Diplomatic Relations Act and Foreign Missions Act.

45. As a result of the aforesaid contact, Plaintiff was injured.

46. The above-stated occurrence and the results thereof were in no way due to any negligence on the part of the Plaintiff contributing thereto, but were caused by the negligence of Defendants in their ownership, operation, management, maintenance and control of their motor vehicle.

47. Defendants were negligent, careless and reckless in the ownership, management, maintenance, supervision, operation and control of the aforesaid vehicle and Defendants were otherwise negligent, careless and reckless under the circumstances then and there prevailing.

48. That by reason of the foregoing, Plaintiff sustained severe and permanent personal injuries and was otherwise damaged.

49. Said injuries are permanent in nature and duration, and were caused, precipitated, aggravated and/or exacerbated by the occurrence herein. That to the extent the above injuries, conditions and/or diagnoses are shown to pre-date the accident, then such injuries, conditions and/or diagnoses were latent and inactive, and as a result of this accident, were activated, accelerated and exacerbated therein.

50. This action falls within one or more exceptions set forth in CPLR §1602 and specifically paragraph six (6) thereof.

51. Plaintiff is not seeking to recover any damages for which Plaintiff has been reimbursed by the Motor Vehicle Accident Indemnification Corporation ("MVAIC") and/or for which MVAIC is obligated to reimburse Plaintiff. Plaintiff is seeking to recover only those damages not recoverable through MVAIC under the facts and circumstances in this action.

## FIRST CAUSE OF ACTION
## AS AGAINST ALL DEFENDANTS
### (Negligence)

52. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if set forth fully herein.

53. Plaintiff sustained serious injuries as defined by §5102(d) of the Insurance Law of the State of New York.

54. Plaintiff sustained serious injuries and economic loss greater than basic economic loss as defined by §5104 of the Insurance Law of the State of New York.

55. The collisions, and the injuries and damages resulting therefrom, occurred as the result of careless, reckless and negligent conduct of the Defendants, in the operation and ownership of Defendants' motor vehicle.

56. Moreover, pursuant to N.Y. CLS Veh. & Tr. §388(1), "[e]very owner of a vehicle used or operated in this state shall be liable and responsible for death or injuries to persons . . . resulting from negligence in the use or operation of such vehicle . . . by any person using or operating the same with the permission, express or implied, of such owner."

57. Defendant Uthman Mohammed operated the Vehicle with the express and/or implied permission of the owner Defendant Mission.

58. Defendant, the Mission, as the owner of the vehicle, is liable for the negligent acts of Defendant Uthman Mohammed in causing severe and permanent personal injuries to the Plaintiff.

59. By reason of the foregoing, the Plaintiff named herein, was caused to be damaged in body and mind, was rendered sick, sore, lame and disabled, has been and will continue to be obligated to incur and expand large sums of money for her medical care and attention, and has otherwise been damaged in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter.

**WHEREFORE**, Plaintiff Jennifer A. Edward demands judgment against the Defendants, both jointly and severally, for compensatory damages, in amounts to be proved at trial, and that she be awarded reasonable attorneys' fees, costs, such other and further relief as may be deemed just and proper.

### SECOND CAUSE OF ACTION
### AS AGAINST THE MISSION DEFENDANT
(Negligent Hiring/Supervision)

60. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if set forth fully herein.

61. Defendant Mission, its agents, employees, and/or servants, were responsible for hiring, supervising, and regulating all conduct engaged in by its hired drivers and/or chauffeurs.

62. It was the duty of the Defendant Mission, its agents, employees, and/or servants, to hire competent drivers and/or chauffeurs to transport its agents, employees, and/or servants.

63. Defendant Mission failed to investigate the qualifications, competence, capacity, abilities, capabilities, and driving infraction history of its drivers and/or chauffeurs, or more specifically, Defendant Uthman Mohammed.

64. Defendant Mission knew or should have known of the negative driving history of its driver and/or chauffeur Defendant Uthman Mohammed and his propensity to cause injury to the public through his negligent driving.

65. The physical injuries which Plaintiff Jennifer A. Edward suffered were caused through the negligence of the Defendant Mission in its hiring, supervision, and/or retention of its drivers and/or chauffeurs with an extensive negative driving history, more specifically Defendant Uthman Mohammed.

66. By reason of the foregoing, the Plaintiff named herein, was caused to be damaged in body and mind, was rendered sick, sore, lame and disabled, has been and will continue to be obligated to incur and expand large sums of money for her medical care and attention, and has otherwise been damaged in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter.

**WHEREFORE**, Plaintiff Jennifer A. Edward demands judgment against Defendant Mission, for compensatory damages, in amounts to be proved at trial, and that she be awarded reasonable attorneys' fees, costs, such other and further relief as may be deemed just and proper,

and has been damaged in a sum of money that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays for judgment against the Defendants as follows:

a. ordering compensation for all general, special, incidental, and consequential damages suffered by the Plaintiff as a result of Defendants' conduct;

b. awarding Plaintiff her reasonable attorneys' fees and costs, to the fullest extent allowed by law; and

c. granting all such additional and/or further relief as this Court deems just and equitable.

Dated: New York, New York
September 14, 2018

                                            HARFORD, P.C.
                                            Attorneys for Plaintiff Jennifer A. Edward

                                            By: _____
                                                 Scott A. Harford
                                            299 Broadway, Suite 1310
                                            New York, New York 10007
                                            Phone: (212) 390-8983
                                            Facsimile: (646) 895-6475